# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 26-CV-2657 (RER)

————————————————

FREDY PASTRANA-BELTRAN

VERSUS

MARKWAYNE MULLIN, TODD LYONS,
KENNETH GENALO, TODD BLANCHE,
AND RAUL MADONADO, JR.

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

Petitioner Fredy Pastrana-Beltran ("Pastrana-Beltran" or "Petitioner"), a native of Mexico who has resided in the United States for more than eight years, was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers on December 29, 2025. (ECF No. 1 ("Pet.") at 2, 8; ECF No.1-1). Since then, he has been detained at the Metropolitan Detention Center ("MDC") in Brooklyn. (Pet. at 9). Pastrana-Beltran filed a petition for a writ of habeas corpus on May 4, 2026, seeking, *inter alia*, release from custody. (*Id.* at 34). After carefully reviewing the record, and for the reasons set forth herein, the petition for a writ of habeas corpus is GRANTED.

## BACKGROUND

Petitioner came to the United States in 2017 without being admitted or paroled and has never been convicted of a crime. (Pet. at 8–10). He was arrested by ICE on December 29, 2025, and removal proceedings were initiated against him. (*Id.*; ECF No. 1-2 at 2). Pastrana-Beltran petitioned for a writ of habeas corpus on May 4, 2026, requesting

immediate release. (*Id.* at 34). On May 5, 2026, the Court ordered Respondents to show cause in writing why a writ of habeas corpus should not be issued. (ECF No. 7 at 2). Respondents did so on May 8, 2026 (ECF No. 11 ("Resp.")), which included a May 6, 2026, "Initial Custody Determination" form (ECF No. 11-1). On the form, the immigration officer: (1) made no determination of whether Pastrana-Beltran had established that he does not pose a danger to persons or property; (2) found Pastrana-Beltran had not established that he did not pose a flight risk because he entered the United States without being admitted, inspected, or paroled; and (3) determined that no other forms of release on conditions could mitigate the risk of flight. (ECF No. 11-1 at 4). Petitioner replied on May 12, 2026 (ECF No. 12 ("Reply")).

## **DISCUSSION**

Pastrana-Beltran contends that Respondents' authority to arrest and detain him is governed by 8 U.S.C. § 1226(a), but he was denied due process in the form of an initial determination at the time of his arrest and detention. (Pet. at 11; Reply at 6). Respondents assert they originally arrested Pastrana-Beltran pursuant to 8 U.S.C. § 1225(b)(2)(A), but, after the Second Circuit ruled in *Barbosa Da Cunha v. Freden*, --- F.4th -- --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), that section 1226(a), not section 1225(b)(2)(A), applies, he is now "properly being detained" under section 1226(a). (Resp. at 1–2). Accordingly, they conducted an "initial" custody determination on May 6, 2026—more than four months after detaining him, and the day after the Court ordered them to show cause why the writ should not be granted. (*See* ECF No. 11-1 at 4). The argument goes that his initial arrest did not require such due process protection, but now it does, and they have complied.

The Court disagrees. As the Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent," *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (citing, among others, *Plyler v. Doe*, 457 U.S. 202, 210 (1982) and *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886)), "including those who are in removal proceedings," *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492 (S.D.N.Y. 2025), there are at least three reasons why Pastrana-Beltran's petition should be granted.

First, Respondent cannot create a post hoc rationalization for Pastrana-Beltran's detention. In a recent case in this District with nearly analogous facts, a court granted a petitioner's writ of habeas corpus where respondents similarly changed their basis for detaining a noncitizen. *See Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265 (E.D.N.Y. May 12, 2026). At the core of that decision and this one is a "basic rule: . . . [a]n agency must defend its actions based on the reasons it gave when it acted . . . and may not rely upon reasons absent from its original decision." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21, 24 (2020); *see also Singh v. Blanche*, No. 26-CV-02538 (NJC), 2026 WL 1239057, at \*4 (E.D.N.Y. May 6, 2026). To argue that Pastrana-Beltran was detained under one statutory provision but may be continuously detained under another one since the Circuit ruled the first one inapplicable, is exactly the kind of post hoc rationalization that the Supreme Court deemed impermissible. *Regents*, 591 U.S. 1 at 22.

Second, even if Respondents were permitted to change their rationale for detaining Pastrana-Beltran—which the Court holds they cannot—the May 6, 2026, Initial Custody Determination is procedurally deficient on its face. As a noncitizen "present in the United

States after entering without inspection or admission, who [was] not apprehended while entering the country or shortly thereafter," Pastrana-Beltran's arrest and detention were governed by section 1226(a) all along. *See Barbosa Da Cunha*, --- F.4th -- --, 2026 WL 1146044, at *4 (holding "consistent with the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position" that section 1225(b)(2)(A) would apply to circumstances like Petitioner's). Distinct from mandatory detention under section 1225(b)(2)(A), section 1226(a) affords Pastrana-Beltran an initial custody determination *before* exercising discretionary detention that entails an assessment of whether he can demonstrate that he is neither a danger to persons or property, nor a flight risk. *Id.* (citing 8 C.F.R. §§ 1003.19(a), (f), 1236.1(d)(1)); *see also Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025); *Arango v. Genalo*, No. 25-cv-6720 (RER), 2025 WL 3637500, at *2 (E.D.N.Y. Dec. 16, 2025) (citation omitted).

As Respondents admit, Pastrana-Beltran was denied a custody determination before or contemporaneous with his December 29, 2025, arrest. (Resp. at 1). That in itself was a violation of his due process rights. *Barbosa Da Cunha*, --- F.4th -- --, 2026 WL 1146044, at *22. But even when Respondents made their post-*Barbosa da Cunha* custody determination, they did not apply the test 1226(a) requires, and which the custody form itself instructs. (*See* ECF No. 11-1 at 3). As to whether Pastrana-Beltran established that he did not pose a danger to anyone, the form is blank (*id.*), and Respondents do not purport to have made such a determination (*see* Resp. at 2) (referencing only a conclusion "that he did not establish that he did not pose a flight risk."). And as to whether Pastrana-Beltran established that he did not pose a flight risk, the officer marked "No,"

reasoning that Petitioner "entered the United States at a place not designated as a port of entry . . . thus not admitted, inspected, or paroled into the United States by a U.S. immigration official." (ECF No. 11-1 at 4). The problem is that a per se determination of this sort—on his status alone, rather than any assessment of the factors listed on the form—comports not with 1226(a), but with Respondents' desired policy of mandatory detention under 1225(b)(2)(A) for any noncitizens who entered the U.S. without inspection however long ago. *See Inestroza Carbajal*, 2026 WL 1309265 at *4 ("[M]ere lack of status does not present a per se risk of flight.") (citing *Barbosa da Cunha*, 2026 WL 1146044, at *21). The Circuit squarely rejected that position. *Barbosa da Cunha*, 2026 WL 1146044, at *2. Respondents' suggestion that if the Circuit's decision were overruled, ICE could revert to a section 1225 justification for Pastrana-Beltran's continued detention (Resp. at 1 n.1), threatens a ping pong approach to Petitioner's liberty that is constitutionally untenable.

Respondents correctly argue that a district court cannot review ICE's discretionary determinations. (Resp. at 3). But that is not the Court's inquiry here. Rather than impermissibly pry behind the discretionary curtain, the Court assesses whether and how correct procedures were applied at all (they were either not applied or applied erroneously) and ultimately, whether Pastrana-Beltran's detention comports with due process (it does not). *See Zadvydas v. Davis*, 533 U.S. 678, 687 (noting "at the outset that the primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear [habeas] cases" contesting imprisonment "in violation of the Constitution or laws ... of the United States") (quotation marks omitted).

Lastly, as it did in *Arango*, the Court rejects respondents' argument that Petitioner's only remedies are administrative, and that he must exhaust those before seeking relief in this Court. (*See* Resp. at 2–3); 2025 WL 3637500, at *3. Pastrana-Beltran "is not required to exhaust a process that was deficient from the outset." *Gopie*, 2025 WL 3167130, at *3. The Court "may excuse exhaustion where certain exceptions apply, including when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Arango*, 2025 WL 3637500, at *3 (citing *Lopez Benitez*, 795 F. Supp. 3d at 496). The Court excuses exhaustion—if any were required—primarily because Petitioner has raised such a constitutional question.[1] "[G]iven the nature of the constitutional violation [Petitioner] sustained here—*i.e.*, Respondents' failure to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate." *Lopez Benitez*, 795 F. Supp. 3d at 497.

## CONCLUSION

For the reasons set forth above, the Court grants Petitioner's writ of habeas corpus. His motion for preliminary injunction (ECF no. 2) is deemed moot.

Petitioner Fredy Pastrana-Beltran (Alien Number 222-514-549) is to be released forthwith without conditions. Respondents are directed to file a letter regarding their compliance with this order no later than **5:00 P.M. on May 20, 2026.**

---

[1] As in *Arango*, the Court reiterates that exceptions one, two, and three may also apply. 2025 WL 3637500, at *3 n.3.

6

Once the notice of release is received by the Court, the Clerk of Court is respectfully directed to enter final judgment and close the case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 19, 2026
      Brooklyn, New York